USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LUIS LEON *et ano.*, *individually*
*and on behalf of others similarly situated,*

      Plaintiffs,      14cv722

   -against-      MEMORANDUM & ORDER

PLENTY CAFÉ BAKERY CATERING LLC *et al.*,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   Plaintiffs Luis Leon and Jesus Ruiz filed this Fair Labor Standards Act ("FLSA") collective action against Plenty Café Bakery Catering LLC and its owners and managers. The parties seek this Court's approval of a settlement they apparently reached in June 2014. For the following reasons, this Court declines to approve the proposed Settlement Agreement (ECF No. 16-1).

## DISCUSSION

   "An employee may not waive or otherwise settle an FLSA claim for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated agreement." Guareno v. Vincent Perito, Inc., 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). This is also true when, as here, a settlement is reached among the parties prior to any opt-in notice. See, e.g., Chapman-Green v. Icahn House West LLC, 11cv1190 (MHD), 2013 WL 658245, at *1 (S.D.N.Y. Feb. 21, 2013); Wolinsky, 900 F. Supp. 2d at 335.

   This Court cannot determine whether the Settlement Agreement represents a fair and reasonable resolution of the dispute based on the dearth of information supplied by the

parties. See Guareno, 2014 WL 4953746, at *1. In addition, the agreement of the parties to keep the terms of this settlement "confidential[]" is contrary to public policy. (ECF No. 16-1 at 4; see Guareno, 2014 WL 4953746, at *1.)

Further, the Settlement Agreement's provision relating to attorney's fees is contrary to law. An award of attorney's fees in an FLSA settlement is subject to court approval. See 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); see also Wolinsky, 900 F. Supp. 2d at 336. And this Court declines to defer to the Plaintiffs and their attorneys regarding allocation of the $40,000 settlement payment among them. (See ECF Doc. 16-1 at 2.)

## CONCLUSION

For the foregoing reasons, the parties' request for approval of their settlement agreement and dismissal of this action is denied. The parties are directed to notify this Court by December 3, 2014 of their intention to either (1) publicly file a revised settlement agreement and supporting documentation in accord with this Memorandum & Order, or (2) abandon settlement and submit a joint pre-trial order.

The Clerk is directed to restore this action to the Court's calendar.

Dated: November 20, 2014
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

2

*Counsel of Record*:

Joshua S. Androphy
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, NY 10165
*Counsel for Plaintiffs*

Regina Elaine Faul
Phillips Nizer LLP
666 5th Avenue
New York, NY 10103
*Counsel for Defendants*